1  TIMOTHY T. KIM (SBN 314365)
   **TESLA, INC.**
2  31353 Huntwood Avenue
   Hayward, California 94544
3  Telephone: 510 • 737 • 1281
   timkim@tesla.com
4

5  Attorney for Defendant,
   TESLA, INC.
6

7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | JAMES RAYA, an individual,                     | Case No.: 3:25-CV-8404
12 |                          Plaintiff,            | **DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**
13 |           v.                                   |
14 |                                                | Alameda County Superior Court Case No.: 25CV139676
   | TESLA, INC., a Texas Corporation; and DOES     |
15 | 1 through 100, inclusive,                      |
16 |                          Defendants.           | Complaint Filed Date:    August 27, 2025
17 |                                                | Removal Date:            October 2, 2025
   |                                                | Trial Date:              None Set
18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      PROCEDURAL BACKGROUND IN STATE COURT .................................................. 1

II.     TIMELINESS OF REMOVAL ........................................................................ 2

III.    THIS COURT HAS DIVERSITY JURISDICTION OVER THIS CASE ....................... 2

      A.      There Is Complete Diversity Of Citizenship In This Case ........................... 2

            1.      Plaintiff Is A Citizen of California........................................... 2

            2.      Tesla Is Not A Citizen Of California ........................................ 3

            3.      Doe Defendants Should Be Disregarded ................................... 4

      B.      The Amount In Controversy Requirement Has Been Met............................ 4

            1.      Standard To Demonstrate Amount In Controversy ..................... 4

            2.      General And Punitive Damages Exceed $75,000 ...................... 5

            3.      Verdicts In Cases With Similar Claims Exceed $75,000 ............. 5

            4.      Attorneys' Fees Exceed $75,000 ........................................... 6

IV.     VENUE................................................................................................... 6

V.      SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK
      OF THE SUPERIOR COURT .................................................................... 7

VI.     PRAYER FOR REMOVAL.......................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Conrad Assocs. v. Hartford Accident & Ind. Co.,*
    994 F. Supp. 1196 (N.D. Cal. 1998) ........................................................................ 5

*Davenport v. Mutual Benefit Health & Accident Ass'n.,*
    325 F.2d 785 (9th Cir. 1963) ........................................................................... 4, 5

*Davis v. HSBC Bank Nevada, N.A.,*
    557 F.3d 1026 (9th Cir. 2009) .............................................................................. 3

*Denenberg v. Cal. Dep't of Transp.,*
    2007 WL 2827715 (San Diego County Sup. Ct. Sept. 14, 2006) ......................................... 6

*Ellenburg v. Spartan Motors Chassis, Inc.,*
    519 F.3d 192 (4th Cir. 2008) ............................................................................... 2

*Exxon Mobil Corp. v. Allapattah Servs., Inc.,*
    545 U.S. 546 (2005) ....................................................................................... 2

*Fristos v. Reynolds Metals Co.,*
    615 F.2d 1209 (9th Cir. 1980) .............................................................................. 4

*Galt G/S v. JSS Scandinavia,*
    142 F.3d 1150 (9th Cir. 1998) .............................................................................. 4

*Guglielmino v. McKee Foods Corp,.*
    506 F.3d 696 (9th Cir. 2007) ............................................................................... 4

*In re Digimarc Corp. Derivative Litig.,*
    549 F.3d 1223 (9th Cir. 2008) .............................................................................. 2

*Kanter v. Warner-Lambert Co.,*
    265 F.3d 853 (9th Cir. 2001) ............................................................................... 2

*Kantor v. Wellesley Galleries, Ltd.,*
    704 F.2d 1088 (9th Cir. 1983) .............................................................................. 2

*Kroske v. U.S. Bank Corp.,*
    432 F.3d 976 (9th Cir. 2005) ............................................................................... 5

*McMillan v. City of Los Angeles,*
    2005 WL 3729094 (Los Angeles County Sup. Ct. March 21, 2005) ..................................... 6

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,*
    119 S. Ct. 1322 (1999) ..................................................................................... 2

*Newcombe v. Adolf Coors Co.,*
        157 F3d 686 (9th Cir. 1998) ............................................................................... 4

*Sanchez v. Monumental Life Ins.,*
        102 F.3d 398 (9th Cir. 1996) ............................................................................. 4

*Simmons v. PCR Tech.,*
        209 F. Supp. 2d 1029 (N.D. Cal. 2002) ........................................................... 5

*State Farm Mut. Auto Ins. Co. v. Dyer,*
        19 F.3d 514 (10th Cir. 1994) ............................................................................. 3

*The Hertz Corp. v. Friend,*
        559 U.S. 77(2010) ............................................................................................ 3

*Valdez v. Allstate Ins. Co.,*
        372 F.3d 1115 (9th Cir. 2004) ........................................................................... 4

**Federal Statutes**

28 U.S.C. § 1441(b) ............................................................................................... 6

18 U.S.C. §1332 ..................................................................................................... 1

28 U.S.C. § 1441(a) ............................................................................................... 4

28 U.S.C. §1332 .................................................................................................. 2, 4

28 U.S.C. §1332(a) ................................................................................................ 6

28 U.S.C. §1332(c) ................................................................................................ 4

28 U.S.C. §1332(c)(1) ......................................................................................... 3, 4

28 U.S.C. §1441 .................................................................................................. 1, 6

28 U.S.C. §1441(a) ................................................................................................ 6

28 U.S.C. §1446 .................................................................................................. 1, 6

28 U.S.C. §1446(b) ................................................................................................ 2

28 U.S.C. §1446(d) ................................................................................................ 7

28 U.S.C. §84(c)(2) ............................................................................................... 6

*iii*

**TO THE COURT AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Tesla, Inc. ("Tesla" or "Defendant") hereby removes the above-referenced action from the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California. This removal is made pursuant to 28 U.S.C. §§1441 and 1446, asserting diversity jurisdiction under 18 U.S.C. §1332, codified in relevant part at 28 U.S.C. §1332. Tesla states that removal is proper for the following reasons.

I.   **PROCEDURAL BACKGROUND IN STATE COURT**

On August 27, 2025, Plaintiff James Raya ("Plaintiff") filed a Complaint entitled, "*JAMES RAYA, Plaintiff v. TESLA, INC., a Texas Corporation; and DOES 1 through 100, inclusive, Defendants*" ("Complaint"), Alameda County Superior Court Case No. 25CV139676. The Complaint alleged seven causes of action for: (1) Wrongful Termination (Cal. Govt. Code §§ 12900, et seq.); (2) Wrongful Termination in Violation of Public Policy; (3) Age, Disability and Harassment Discrimination & Retaliation (Cal. Govt. Code § 12940(j) et. seq.); (4) Failure to Pay Meal and Rest Period Compensation (Cal. Lab. Code § 226.7); (5) Failure to Furnish Compliant Wage Statements (Cal. Lab. Code §§ 226 and 226.3); (6) Waiting Time Penalties (Cal. Lab. Code §§201, 202 and 203); and (7) Unfair Competition (Cal. Bus. & Prof. Code §§17200, et seq.). A true and correct copy of the Complaint is attached hereto as **Exhibit 1.**

On September 4, 2025, Tesla was served with copies of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Management Conference, and Notice of Case Assignment through its agent for service of process, CT Corporation, in Glendale, California. *See* concurrently filed Declaration of Timothy T. Kim ("Kim Decl.") at ¶2 and **Exhibit A** (service package). On September 29, 2025, Tesla filed and served an Answer to Plaintiff's Complaint. A true and correct copy of the Answer is attached hereto as **Exhibit B**.

Exhibit 1 attached hereto and Exhibits A and B to the concurrently filed Kim Declaration constitute all of the pleadings served on Tesla and/or filed by Tesla in Alameda County Superior Court prior to filing of this Notice of Removal. Kim Decl. at ¶¶ 2-3. A Case Management Conference has been scheduled in the Alameda County Superior Court for January 26, 2026. *Id*.

## II.    TIMELINESS OF REMOVAL

This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within 30 days of service of the Complaint on Tesla, the moving Defendant. 28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 119 S. Ct. 1322, 1325 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

## III.    THIS COURT HAS DIVERSITY JURISDICTION OVER THIS CASE

Subject matter jurisdiction on the basis of diversity of citizenship requires that: (1) there is complete diversity of citizenship between plaintiff and defendants; and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332. A Notice of removal is sufficient "if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and cots, the sum specified by 28 U.S.C. §1332 ..." *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 200 (4th Cir. 2008) (internal quotes and brackets omitted).

### A.    There Is Complete Diversity Of Citizenship In This Case

The complete diversity requirement merely means that all plaintiffs must be of different citizenship than all defendants, and any instance of common citizenship "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005). A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.,* 549 F.3d 1223, 1236 (9th Cir. 2008) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought."). In the present case, the parties had complete diversity of citizenship at the time the lawsuit was filed because Plaintiff's citizenship is diverse from Tesla's.

#### 1.    *Plaintiff Is A Citizen of California*

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state."). A person's domicile is the place he resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where

she resides with the intention to remain or to which she intends to return."). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile").

Plaintiff alleges that he worked and resided in California. Complaint at ¶¶12, and 14. Therefore, Tesla is informed and believes that at all relevant times for the purposes of this removal, Plaintiff is and has been a citizen of the State of California.

### 2. *Tesla Is Not A Citizen Of California*

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.,* 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

The Supreme Court of the United States in *The Hertz Corp. v. Friend* held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination,** *i.e.***, the "nerve center"** ....

559 U.S. 77, 92-93 (2010) (emphasis added).

Tesla is now, and was at the time of the filing of this action, a corporation organized and formed under the laws of the State of Texas, with its principal place of business and headquarters in Austin, Texas.[1]  Therefore, at all times since Plaintiff commenced this lawsuit, Tesla is and has been a citizen

---

[1] Tesla's Form 10-K for the fiscal year ended December 21, 2022, which is a public document and publicly accessible through the United States Securities and Exchange Commission's website, lists Delaware as Tesla's State of Incorporation and 1 Tesla Road, Austin, Texas as Tesla's principal executive offices: https://www.sec.gov/Archives/edgar/data/1318605/000095017023001409/tsla-20221231.htm.

1    of a state other than California within the meaning of 28 U.S.C. §1332(c)(1).  At all relevant times,

2    Tesla is and has been a citizen of the States of Delaware and Texas.

3                          **3.  *Doe Defendants Should Be Disregarded***

4             Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be

5    disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. §1332; *Fristos v.*

6    *Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to

7    join in a removal petition). Plaintiff has named as defendants Does 1 through 100.  In determining

8    whether diversity of citizenship exists, only the named defendants are considered. *See Newcombe v.*

9    *Adolf Coors Co.,* 157 F3d 686, 690-691 (9th Cir. 1998).  Thus, the existence of Doe defendants in this

10   case does not deprive this Court of jurisdiction.  Accordingly, pursuant to 28 U.S.C. §1332(c), Plaintiff

11   and the real Defendant, Tesla, have diverse citizenship.

12   **B.  The Amount In Controversy Requirement Has Been Met**

13                          **1.  *Standard To Demonstrate Amount In Controversy***

14            While Tesla denies any liability as to Plaintiff's claims, the amount in controversy requirement

15   is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of

16   $75,000. *See Sanchez v. Monumental Life Ins.,* 102 F.3d 398, 403-404 (9th Cir. 1996) ("the defendant

17   must provide evidence establishing that it is 'more likely than not' that the amount in controversy

18   exceeds [the threshold] amount.") (internal citation omitted).  As explained by the Ninth Circuit, "the

19   amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."

20   *Valdez v. Allstate Ins. Co.,*  372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider

21   facts presented in the removal petition).  In determining the amount in controversy, the Court must

22   consider the aggregate of general damages, special damages, compensatory damages, punitive

23   damages and attorneys' fees where recoverable by law.  *See Guglielmino v. McKee Foods Corp.,* 506

24   F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only

25   'interest and costs.'"); *see also Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998)

26   (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether

27   such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n.*

28   *,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable

                                                    4
                          DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL

under state law); *Conrad Assocs. v. Hartford Accident & Ind. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

In the Complaint, Plaintiff requests (1) general damages; (2) special damages; (3) statutory damages; (4) declaratory relief; (5) prejudgment interest; (6) attorney's fees and costs; (7) costs and disbursements; (8) restitution; and (9) punitive and exemplary damages. Prayer for Relief, ¶12:6 - 23. In light of the expansive categories of damages sought by Plaintiff, the amount in controversy in this action is more likely than not to exceed the $75,000 jurisdictional minimum.

### 2.  *General And Punitive Damages Exceed $75,000*

Although Tesla denies that it should be liable for any damages whatsoever in this case, assuming *arguendo* for the purposes of removal that Plaintiff prevails, Plaintiff is seeking an award of general damages as well as punitive damages.  Prayer for Relief, ¶12:6 - 23.  Plaintiff alleges he has claims general damages for emotional and mental distress and aggravation in a sum the Court may deem just and proper.  *Id.*; Complaint at ¶¶ 7:26-8:3; 8:26-9:3. Plaintiff also seeks to recover punitive damages.  Requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport*, 325 F.2d at 787.  The amount of punitive damages awarded is based on the financial worth of the defendant, and is meant to punish the defendant in such a way that it will have a tangible financial consequence.  Without conceding that punitive damages are appropriate or applicable here, for a defendant of Tesla's size, it is probable that a punitive damages award, if assessed, would exceed $75,000.00.

### 3.  *Verdicts In Cases With Similar Claims Exceed $75,000*

To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts.  *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005). California jury verdicts in cases involving claims similar to Plaintiff's often exceed $75,000.  *See, e.g., Ko v. The Square Group LLC dba The Square Supermarket* (June 16, 2014) Los Angeles Sup. Ct., Case No. BC487739 ($190,712.36 verdict on plaintiff's claims for discrimination, retaliation, wrongful termination in violation of public policy, and wage and hour claims and $500,000 in punitive damages); *Kamali v. Cal. Dep't of Transp.* (Dec. 20, 2012) Los Angeles Sup. Ct., Case No. BC426247 (verdict for $663,983 on plaintiff's claims for

national origin and disability discrimination); *Hernandez v. Regents of the Univ. of Cal.* (June 29, 2010) Alameda County Sup. Ct., Case No. RG06272564 (verdict for $266,347 on disability discrimination, national origin discrimination, and retaliation claims).

Because Plaintiff's allegations that he was discriminated against and terminated based upon his disability are similar to the claims and issues raised in the cases cited above, these awards demonstrate that, for diversity purposes, it is probable that any verdict in this matter in Plaintiff's favor would award damages exceeding $75,000.

### 4. *Attorneys' Fees Exceed $75,000*

Plaintiff also seeks attorneys' fees. Verdicts in comparable cases show that attorneys' fees typically exceed $75,000.00. *See Denenberg v. Cal. Dep't of Transp.* 2007 WL 2827715 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000.00 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles* 2005 WL 3729094(Los Angeles County Sup. Ct. March 21, 2005) , Case No. BC298898 (attorney's fees award of $504,926.00 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College* (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277.00 for claim of discrimination and retaliation). Therefore, the inclusion of a claim for attorneys' fees also supports the conclusion that the amount in controversy in this matter exceeds $75,000.00.

Consequently, because there is complete diversity of citizenship and the amount in controversy clearly exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§1332(a) and 1441(b).

## IV. VENUE

Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§84(c)(2), 1441, and 1446. This action originally was brought in the Superior Court of the State of California, Alameda County, which is located within the Northern District of California. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL

V.    **SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE**
      **SUPERIOR COURT**

Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and his counsel, and together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, Alameda County.

VI.    **PRAYER FOR REMOVAL**

WHEREFORE, Tesla prays that this civil action be removed from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

DATED:  October 2, 2025                          **TESLA, INC.**

By:    _/s/ Timothy T. Kim_
       Timothy T. Kim
       Attorney for Defendant
       TESLA, INC.

# EXHIBIT 1

1  JAY S. ROTHMAN (SBN 49739)
   JAY S. ROTHMAN & ASSOCIATES
2  21900 Burbank Boulevard, Suite 210
   Woodland Hills, California 91367
3  Telephone:    (818) 986-7870
   Facsimile:    (818) 990-3019
4  lawyers@jayrothmanlaw.com

5  Attorneys for Plaintiff JAMES RAYA

6

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**08/27/2025 at 03:51:49 PM**
By: Andrei Gospel,
Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF ALAMEDA - HALL OF JUSTICE DISTRICT

10

11  JAMES RAYA, an individual,

12              Plaintiff,

13  vs.

14
    TESLA, INC., a Texas Corporation; and
15  DOES 1 through 100, inclusive,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  **25CV139676**

**COMPLAINT FOR DAMAGES**

1. **Wrongful Termination (Cal. Govt. Code §§ 12900, et seq.)**
2. **Wrongful Termination in Violation of Public Policy**
3. **Age, Disability and Harassment Discrimination & Retaliation (Cal. Govt. Code § 12940(j) et. seq.)**
4. **Failure to Pay Meal and Rest Period Compensation (Cal. Lab. Code § 226.7)**
5. **Failure to Furnish Compliant Wage Statements (Cal. Lab. Code §§ 226 and 226.3)**
6. **Waiting Time Penalties (Cal. Lab. Code §§ 201, 202 and 203)**
7. **Unfair Competition (Cal. Bus. & Prof. Code § 17200, et seq.)**

**[DEMAND FOR JURY TRIAL]**

1

1    James Raya, Plaintiff, ("PLAINTIFF") hereby complains against TESLA, INC.,

2    DEFENDANTS, and each of them, and alleges as follows:

3                              **GENERAL ALLEGATIONS**

4         1.    This is an action for violation of California's employment and wage and

5    hour laws. PLAINTIFF alleges that DEFENDANT, Tesla, Inc., by and through any sole

6    proprietors, owners, shareholders, officers, directors, members and managing agents, and

7    alter egos, and DOES 1 Through 100, inclusive "DEFENDANTS"):

8         2.    wrongfully terminated and/or retaliated against PLAINTIFF in violation of

9    Govt. Code §§ 12900, *et seq.*;

10        3.    wrongfully terminated PLAINTIFF'S employment in violation of important

11   public policies of the State of California, as set forth and established by California

12   employment statutes and case law;

13        4.    subjected PLAINTIFF to discrimination and retaliation, in violation of Cal.

14   Govt. Code §§ 12940(k) *et seq.*;

15        5.    failed to provide PLAINTIFF meal and rest breaks and failed to pay

16   PLAINTIFF meal and rest break compensation, in violation of Labor Code Section 226.7;

17        6.    failed to furnish PLAINTIFF with compliant wage statements, in violation of

18   Labor Code Sections 226 and 226.3;

19        7.    failed to pay PLAINTIFF all wages owed at the time of termination, in

20   violation of Labor Code Sections 201 through 203;

21        8.    violated California's Unfair Competition Law, Business & Professions Code

22   §§ 17200, *et seq.* (the "UCL");

23        9.    The foregoing acts and other acts by the DEFENDANTS violated provisions

24   of the Labor Code, including, but not limited to sections 201, 202, 203, 204, 206, 207, 210,

25   216, 218.5, 218.6, 221-223, 225.5, 226, 226.3, 226.7, 401-410, 510, 512, 515, 551, 552, 553, 558,

26   1174, 1174.5, 1182, 1197, 2802 and 3751, the UCL, applicable wage order, other laws and

27   regulations and PLAINTIFF'S rights.

28        10.   PLAINTIFF filed a claim with the California Civil Right Department

1  ("CRD"), formerly known as the Department of Fair Employment and Housing

2  ("DFEH"), pursuant to California Government Code section 12965(b) and the California

3  Fair Employment and Housing Act ("FEHA").  PLAINTIFF filed such a claim in a timely

4  fashion and received a "right-to-sue" letter.  Attached as Exhibit "A" and incorporated

5  herein by reference is a true and correct copy of the claim against DEFENDANTS.

6  PLAINTIFF has thus exhausted all administrative remedies and fulfilled all

7  administrative prerequisites.

8       11.    Venue is proper in this Court because the DEFENDANTS do substantial

9  business in Alameda County, California.

10                        **THE PARTIES**

11      12.    James Raya is, and at all times mentioned herein was a competent adult

12  residing in the State of California.

13      13.    PLAINTIFF is informed and believes, and based thereon alleges, that

14  DEFENDANTS were, at all times relevant herein, the owner, shareholder, sole proprietor,

15  superintendent, officer, director, manager, and managing agent of DEFENDANTS.

16      14.    PLAINTIFF is informed and believes, and based thereon alleges, that

17  Defendant, Tesla, Inc., is a Texas Corporation purportedly authorized to do business

18  within the State of California with its principal place of business located in Alameda

19  County, California.

20      15.    DEFENDANTS are subject to Labor Code and other California law

21  including, but not limited to, Cal. Bus. & Prof. Code sections 17200, *et seq.*, and the

22  applicable Wage Order(s) issued by the Industrial Welfare Commission.

23      16.    At all times herein mentioned, DEFENDANTS participated in the doing of

24  the acts and omissions herein alleged, were acting within the purpose, course and scope

25  of said agency and/or employment to have been done by the named DEFENDANTS; and

26  furthermore, the DEFENDANTS, and each of them, were the agents, managing agents,

27  servants, employees, alter-egos, co-conspirators, joint-venturers, partners, successors in

28  interest and predecessors in interest of each of the other DEFENDANTS.

1    17.    At all times herein mentioned, DEFENDANTS were acting within the

2    purpose, course and scope of said agency and/or employment so as to invoke vicarious

3    liability and *respondeat superior* liability among other theories of liability to hold

4    DEFENDANTS liable and responsible for the injuries and damages to PLAINTIFF.

5    18.    At all times herein mentioned, DEFENDANTS were members of and

6    engaged in a joint venture, partnership and common enterprise, and acting within the

7    purpose, course and scope of, and in pursuit of, said joint venture, partnership and

8    common enterprise.

9    19.    At all times herein mentioned, the acts and omissions of various

10   DEFENDANTS contributed to the various acts and omissions of each and all of the other

11   DEFENDANTS in proximately causing the injuries and damages as herein alleged.

12   20.    At all times herein mentioned, DEFENDANTS, including all

13   DEFENDANTS' managing agents, officers and directors, had advanced knowledge of

14   and/or ratified each and every act or omission complained throughout this complaint.

15   At all times relevant herein, DEFENDANTS and/or their managing agents, officers or

16   directors committed and/or participated in the wrongful acts and omissions complained

17   of throughout this complaint or ratified such acts and omissions.  At all times herein

18   mentioned, DEFENDANTS aided and abetted the acts and omissions of each and all of

19   the other DEFENDANTS in proximately causing the damages as herein alleged.

20   21.    PLAINTIFF is informed and believes and thereon alleges that at all times

21   herein mentioned DEFENDANTS and DOES 1 through 100, are and were individuals,

22   sole proprietorships, corporations, business entities, persons, and partnerships, licensed

23   to do business and/or actually doing business in the State of California.

24   22.    PLAINTIFF is unaware of the true names and capacities, whether informed

25   and believes and thereon alleges that at all times herein mentioned DEFENDANTS and

26   DOES 1 through 100, are and were individual, corporate, associate, or otherwise, of the

27   DEFENDANTS sued as DOES 1 through 100, inclusive.  They are unknown to

28   PLAINTIFF and therefore sues them by such fictitious names. PLAINTIFF will amend

1  this complaint to allege their true names and capacities when they become known to
2  PLAINTIFF. PLAINTIFF is informed and believes, and thereon alleges, that DOES 1
3  through 100, inclusive, are indebted to PLAINTIFF as hereinafter alleged, and that
4  PLAINTIFF'S rights against such fictitiously named DEFENDANTS arise from such
5  indebtedness.

6      23.    PLAINTIFF is informed and believes and on that basis alleges that each
7  Defendant sued in this action, including each Defendant sued by the fictitious names
8  DOES 1 through 100, inclusive, is responsible and liable in some manner for the
9  occurrences, controversies and damages alleged below.

10      24.    All references to "Defendant", "Defendants", "DEFENDANT,
11  "DEFENDANTS", "company", "company's", "employer" or any similar language,
12  whether singular or plural, shall mean "DEFENDANTS, and each of them" when used
13  throughout this Complaint.

14  **SPECIFIC ALLEGATIONS**

15      25.    DEFENDANTS employed PLAINTIFF from on or about March 31, 2015,
16  through November 18, 2024, as a Lead Equipment Maintenance Technician.

17      26.    PLAINTIFF worked for DEFENDANTS for nearly 10 years and was a good
18  and valuable employee without significant discipline in his personnel file. PLAINTIFF
19  was sixty-five years old at the time of his termination.

20      27.    One of the few items of discipline was for PLAINTIFF speaking too loudly.
21  However, PLAINTIFF is disabled and has reduced hearing ability. One consequence of
22  PLAINTIFF'S disability is that he sometimes cannot tell how loudly he is speaking and
23  may speak more loudly than would a non-disabled person.

24      28.    PLAINTIFF'S son also works for DEFENDANTS. PLAINTIFF'S son initiated
25  a workplace harassment complaint. PLAINTIFF was called to provide testimony and sat
26  for an interview. PLAINTIFF was thereafter subjected to retaliation for participating in
27  the investigation in support of his son, the complaining employee.

28      29.    PLAINTIFF also made his own complaints about racial comments being

1 | made in the workplace.

2 | 30.    On or about November 9, 2024, PLAINTIFF was suspended on allegation

3 | that he accidentally dropped his radio while bending over, and that he accidently got

4 | some grease on a chair in the office. Obviously, none of those allegations are sufficiently

5 | serious to serve as the basis for any discipline, let alone summary termination.

6 | 31.    Nevertheless, DEFENDANTS fired PLAINTIFF, on or about November 18,

7 | 2024, on the flimsy pretext that he accidently dropped his radio and accidently got

8 | grease on an office chair.

9 | 32.    On information and belief, the true reasons DEFENDANTS fired

10 | PLAINTIFF are his age (65,) his participation in a harassment investigation brought by

11 | his son, his complaints about racist comments and his disability.

12 | 33.    DEFENDANTS failed to pay PLAINTIFF meal and rest break premiums for

13 | missed, interrupted and delayed breaks, including second meal breaks for shifts in excess

14 | of 10 or 12 hours.

15 | 34.    DEFENDANTS failed to provide PLAINTIFF with compliant wage

16 | statements.

17 | 35.    DEFENDANTS failed to pay PLAINTIFF all wages owed following

18 | PLAINTIFF'S termination.

19 | 36.    As set forth above, and throughout this complaint, DEFENDANTS engaged

20 | in various acts of unfair competition and unlawful and unfair business practices as

21 | defined in the UCL, Cal. Bus. & Prof. Code §§17200, *et seq.*

22 | 37.    PLAINTIFF is informed and believes, and based thereon alleges, that

23 | DEFENDANTS have engaged in other illegal and wrongful acts, which are currently

24 | unknown to PLAINTIFF.  Upon discovery of such acts, PLAINTIFF will amend this

25 | complaint to allege these unknown illegal and wrongful acts and omissions committed by

26 | DEFENDANTS.

27 | 38.    Pursuant to the <u>Labor Code</u>, California law and applicable Wage Orders,

28 | PLAINTIFF is entitled to all damages, unpaid wages, statutory penalties, waiting time

1 penalties, interest and attorney's fees and costs for the illegal and wrongful acts and

2 omissions of DEFENDANTS, all as alleged throughout this Complaint.

3 ## CAUSES OF ACTION

4 ### First Cause of Action

5 ### Wrongful Termination

6 (Cal. Govt. Code §§ 12900 *et seq.*)

7 (By PLAINTIFF Against All DEFENDANTS)

8     39.    PLAINTIFF incorporates by reference and realleges the above paragraphs as

9 though set forth fully herein.

10     40.    This cause of action arises under the public policies of the State of California

11 and the United States, and DEFENDANTS' retaliation against PLAINTIFF and ultimate

12 termination of their employment was in violation of such public policies, including those

13 set forth in statutes and regulations prohibiting discrimination, harassment and

14 retaliation or complaints about violations of the FEHA and/or Labor Code, including, but

15 not limited to the California Fair Employment and Housing Act, the California Labor

16 Code, statutes and regulations prohibiting gender-based and/or disabilities arising from

17 workplace injuries, discrimination/harassment/retaliation, and statutes and regulations

18 prohibiting employers from discriminating/harassing/retaliating employees who seek a

19 safe work environment, seek to be free from harassment in the workplace, to time off to

20 attend to criminal proceeding matters and to have complaints thereto properly addressed

21 by the employer.

22     41.    At all times mentioned herein, *Gov. Code* section 12940 et seq. were in full

23 force and effect and were binding on DEFENDANTS. These sections require

24 DEFENDANTS, and each of them, to refrain from discriminating against employees in

25 terms, conditions or privileges of employment on the basis of a protected class.

26     42.    As a direct and proximate result of DEFENDANTS' conduct as set forth

27 above, PLAINTIFF'S emotional well-being has substantially suffered and will continue to

28 suffer; PLAINTIFF has experienced and continues to experience severe emotional

1   distress, in an amount to be proven at trial. PLAINTIFF alleges that they have and will

2   continue to suffer substantial losses in earnings, other employment opportunities,

3   employment benefits and other damages, the precise amounts to be proven at trial.

4       43.    DEFENDANTS' conduct as described herein was malicious and oppressive

5   and done with a conscious disregard of PLAINTIFF'S rights.  DEFENDANTS' acts were

6   designed to humiliate and oppress PLAINTIFF; and they had that effect.  DEFENDANTS

7   condoned, ratified and encouraged the unlawful conduct.  Thus, PLAINTIFF is entitled to

8   punitive damages against DEFENDANTS under California Civil Code Section §3294.

9   <div align="center">**Second Cause of Action**</div>

10  <div align="center">**Wrongful Termination in Violation of Public Policy**</div>

11  <div align="center">(By PLAINTIFF Against All DEFENDANTS)</div>

12      44.    PLAINTIFF incorporates by reference and realleges the above paragraphs as

13  though set forth fully herein.

14      45.    This cause of action arises under the public policies of the State of California

15  and the United States, and DEFENDANTS' retaliation against PLAINTIFF and ultimate

16  termination of their employment was in violation of such public policies, including those

17  set forth in statutes and regulations prohibiting discrimination, harassment and

18  retaliation or complaints about violations of the FEHA and/or Labor Code, including, but

19  not limited to the California Fair Employment and Housing Act, the California Labor

20  Code, statutes and regulations prohibiting gender-based and/or disabilities arising from

21  workplace injuries, discrimination/harassment/retaliation, and statutes and regulations

22  prohibiting employers from discriminating/harassing/retaliating employees who seek a

23  safe work environment, seek to be free from harassment in the workplace, to time off to

24  attend to criminal proceeding matters and to have complaints thereto properly addressed

25  by the employer.

26      46.    As a direct and proximate result of DEFENDANTS' conduct as set forth

27  above, PLAINTIFF'S emotional well-being has substantially suffered and will continue to

28  suffer; PLAINTIFF has experienced and continues to experience severe emotional

1  distress, in an amount to be proven at trial. PLAINTIFF alleges that they have and will

2  continue to suffer substantial losses in earnings, other employment opportunities,

3  employment benefits and other damages, the precise amounts to be proven at trial.

4      47.    DEFENDANTS' conduct as described herein was malicious and oppressive

5  and done with a conscious disregard of PLAINTIFF'S rights. DEFENDANTS' acts were

6  designed to humiliate and oppress PLAINTIFF; and they had that effect. DEFENDANTS

7  condoned, ratified and encouraged the unlawful conduct. Thus, PLAINTIFF is entitled to

8  punitive damages against DEFENDANTS under California Civil Code Section §3294.

9  <center>**Third Cause of Action**</center>

10  <center>**Age, Disability and Harassment Discrimination & Retaliation**</center>

11  <center>(Cal. Govt. Code §§ 12940(j) *et seq.*)</center>

12  <center>(By PLAINTIFF Against All DEFENDANTS)</center>

13      48.    PLAINTIFF incorporates by reference and realleges the above paragraphs as

14  though set forth fully herein.

15      49.    PLAINTIFF was subjected to harassment and retaliation and/or

16  discrimination as set forth herein. DEFENDANTS discharged, refused to hire, and/or

17  otherwise committed an adverse employment action against PLAINTIFF.

18      50.    PLAINTIFF'S protected status was a motivating reason for the discharge,

19  refusal to hire, and/or other adverse employment action.

20      51.    PLAINTIFF was harmed by DEFENDANTS' actions set forth herein, and

21  DEFENDANTS' discharge, refusal to hire, and/or other adverse employment action as to

22  PLAINTIFF was a substantial factor in causing PLAINTIFF'S harm.

23  <center>**Fourth Cause of Action**</center>

24  <center>**Failure to Pay Meal and Rest Period Compensation**</center>

25  <center>(Cal. Lab. Code § 226.7)</center>

26  <center>(By PLAINTIFF Against All DEFENDANTS)</center>

27      52.    PLAINTIFF incorporates by reference and realleges the above paragraphs as

28  though set forth fully herein.

<center>9</center>

53.    DEFENDANTS routinely failed and refused to provide PLAINTIFF with meal and rest periods during PLAINTIFF'S work shifts, and failed and refused to compensate PLAINTIFF when PLAINTIFF worked during meal and rest periods, had meal and rest periods interrupted, or was required to take late meal or rest periods as required by Labor Code § 226.7 and the other applicable laws and regulations.

54.    DEFENDANTS deprived PLAINTIFF of PLAINTIFF'S rightfully earned compensation for meal and rest periods as a direct and proximate result of DEFENDANTS' failure and refusal to pay said compensation. PLAINTIFF is entitled to recover such amounts, plus interest thereon, attorney's fees and costs, plus statutory and civil penalties pursuant to Labor Code § 558 and other applicable laws and regulations.

<div align="center">

**Fifth Cause of Action**

**Failure to Furnish Compliant Wage Statements**

(Labor Code §§ 226 and 226.3)

(By PLAINTIFF Against All DEFENDANTS)

</div>

55.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

56.    DEFENDANTS failed to provide PLAINTIFF with timely and accurate wage statements pursuant to Labor Code § 226(a)(1)-(9) by failing to include one or more of the required items of information: gross wages earned (Cal. Lab. Code § 226(a)(1)); total hours worked (Cal. Lab. Code § 226(a)(2)); number of piece rate unites earned and all applicable piece rates (Cal. Lab. Code § 226(a)(3)); all deductions made (Cal. Lab. Code § 226(a)(4)); net wages earned (Cal. Lab. Code § 226(a)(5)); the pay periods' inclusive dates (Cal. Lab. Code § 226(a)(6)); the employee's name and either last four (only) Social Security digits or employee ID number (Cal. Lab. Code § 226(a)(7)); the name and address of the legal entity employing PLAINTIFF (Cal. Lab. Code § 226(a)(8)); all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate (Cal. Lab. Code § 226(a)(9));.

57.    DEFENDANTS are liable for statutory penalties and civil penalties pursuant

<div align="center">

10

**COMPLAINT FOR DAMAGES**

</div>

1    to <u>Labor Code</u> §§ 226, 226.3 and 558 and the other applicable laws and regulations.

2    <div align="center">**Sixth Cause of Action**</div>

3    <div align="center">**Waiting Time Penalties**</div>

4    <div align="center">(Cal. Lab. Code §§ 201 through 203)</div>

5    <div align="center">(By PLAINTIFF Against All DEFENDANTS)</div>

6        58.   PLAINTIFF incorporates by reference and realleges the above paragraphs as

7    though set forth fully herein.

8        59.   DEFENDANTS willfully failed to pay PLAINTIFF accrued wages and other

9    compensation due to PLAINTIFF immediately upon termination, or within 72 hours of

10    PLAINTIFF'S resignation.

11        60.   DEFENDANTS are liable for statutory and civil waiting time penalties of up

12    to 30 days of pay pursuant to <u>Labor Code</u> § 203 and other applicable laws and

13    regulations.

14    <div align="center">**Seventh Cause of Action**</div>

15    <div align="center">**Unfair Competition**</div>

16    <div align="center">(Cal. Bus. & Prof Code §§ 17200 *et seq.*)</div>

17    <div align="center">(By PLAINTIFF Against All DEFENDANTS)</div>

18        61.   PLAINTIFF incorporates by reference and realleges the above paragraphs as

19    though set forth fully herein.

20        62.   Shareholders, owners, directors, officers and/or sole proprietors of

21    DEFENDANTS misappropriated and converted to themselves for their individual

22    advantage the unpaid wages and other monies owed to PLAINTIFF as alleged

23    throughout this complaint.

24        63.   As a result of DEFENDANTS' unfair business practices, DEFENDANTS

25    have reaped unfair benefits and illegal profits at the expense of PLAINTIFF, and

26    members of the public.  DEFENDANTS' use of such unfair business practices constitutes

27    unfair competition and provides an unfair advantage over DEFENDANTS' competitors.

28    DEFENDANTS should be made to disgorge their ill-gotten gains and restore such monies

1  to PLAINTIFF.

2      64.    DEFENDANTS' unfair business practices entitle PLAINTIFF to seek

3  preliminary and permanent injunctive relief, including but not limited to orders that

4  DEFENDANTS account for, disgorge and restore to PLAINTIFF the compensation

5  unlawfully withheld and for which DEFENDANTS were unjustly enriched.

6                                    **PRAYER**

7      WHEREFORE, PLAINTIFF hereby prays that the Court enter judgment in their

8  favor and against DEFENDANTS and DOES 1 Through 100, inclusive, collectively

9  DEFENDANTS, and each of them, as follows:

10      (a)    For damages according to proof;

11      (b)    For payment of earned wages, overtime compensation, meal and rest period

12  compensation, waiting time compensation and other damages according to proof in an

13  amount to be ascertained at trial, and in excess of the jurisdictional limit of this Court;

14      (c)    For payment of all statutory obligations and penalties as required by law;

15      (d)    For an accounting, under administration of PLAINTIFF and subject to Court

16  review;

17      (e)    A declaration of the rights and interests of the parties;

18      (f)    For prejudgment interest at the legal rate;

19      (g)    For attorney's fees and costs;

20      (h)    For costs of suit incurred herein;

21      (i)    For restitution and disgorgement of ill-gotten profits;

22      (j)    For punitive damages in an amount sufficient to punish DEFENDANTS for

23  the wrongful conduct alleged herein and to deter such conduct in the future; and,

24  ///

25  ///

26  ///

27  ///

28

1    (k)    For such further relief as the Court may deem appropriate.

2

3    Dated: August _25_, 2025                    JAY S. ROTHMAN & ASSOCIATES

4

5                                               _____

6                                               JAY S. ROTHMAN
                                                Attorney for Plaintiff JAMES RAYA

7

8                            **DEMAND FOR JURY TRIAL**

9          Plaintiff hereby demands a trial by jury of the foregoing causes of action.

10

11   Dated: August _25_, 2025                    JAY S. ROTHMAN & ASSOCIATES

12

13

14                                              _____

15                                              JAY S. ROTHMAN
                                                Attorney for Plaintiff JAMES RAYA

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## Civil Rights Department
                                                                                        KEVIN KISH, DIRECTOR
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 22, 2025

Jay S. Rothman
JAY S. ROTHMAN & ASSOCIATES, 21900 Burbank Blvd., Ste. 210
Woodland Hills, CA 91367

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202508-30883622
       Right to Sue: Raya / TESLA, INC.

Dear Jay S. Rothman:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 22, 2025

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202508-30883622
      Right to Sue: Raya / TESLA, INC.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave
(Government Code sections 12945.2, 12945.6, or 12945.7) has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 22, 2025

James Raya
c/o JAY S. ROTHMAN & ASSOCIATES, 21900 Burbank Boulevard, Suite 210
Woodland Hills, CA 91367

RE:  **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202508-30883622
Right to Sue: Raya / TESLA, INC.

Dear James Raya:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective August 22, 2025 because an immediate
Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave
(Government Code sections 12945.2, 12945.6, or 12945.7) has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
CRD's Small Employer Family Leave Mediation Pilot Program by emailing
DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**

2

**Civil Rights Department**

3

**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5

James Raya                                                    CRD No. 202508-30883622

6

Complainant,

7

vs.

8

TESLA, INC.
c/o Kiran S. Lopez, 31353 Huntwood Avenue

9

Hayward, CA 94544

10

Respondents

11

_____

12

**1.** Respondent **TESLA, INC.** is an **employer** subject to suit under the California Fair

13

Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

15

**2.** Complainant **James Raya**, resides in the City of **Woodland Hills,** State of **CA.**

16

**3.** Complainant alleges that on or about **November 18, 2024,** respondent took the

17

following adverse actions:

18

**Complainant was harassed** because of complainant's age (40 and over), association with

19

a member of a protected class, disability (physical, intellectual/developmental, mental
health/psychiatric), race (includes hairstyle and hair texture).

20

**Complainant was discriminated against** because of complainant's age (40 and over),

21

association with a member of a protected class, disability (physical,
intellectual/developmental, mental health/psychiatric), race (includes hairstyle and hair

22

texture) and as a result of the discrimination was terminated, denied work opportunities or
assignments, denied accommodation for a disability.

23

**Complainant experienced retaliation** because complainant reported or resisted any form

24

of discrimination or harassment, requested or used a disability-related accommodation,
participated as a witness in a discrimination or harassment complaint and as a result was

25

26

-1-

27

Date Filed: August 22, 2025

28

CRD-ENF 80 RS (Revised 2025/02)

1  terminated, denied work opportunities or assignments, denied accommodation for a
   disability.
2

3  **Additional Complaint Details:** DEFENDANTS employed PLAINTIFF from on or about
   March 31, 2015, through November 18, 2024, as a Lead Equipment Maintenance
4  Technician.
   PLAINTIFF worked for DEFENDANTS for nearly 10 years and was a good and valuable
5  employee without significant discipline in his personnel file. PLAINTIFF was sixty-five years
   old at the time of his termination.
6
   One of the few items of discipline was for PLAINTIFF speaking too loudly. However,
7  PLAINTIFF is disabled and has reduced hearing ability. One consequence of PLAINTIFF'S
   disability is that he sometimes cannot tell how loudly he is speaking and may speak more
8  loudly than would a non-disabled person.
   PLAINTIFF'S son also works for DEFENDANTS. PLAINTIFF'S son initiated a workplace
9  harassment complaint. PLAINTIFF was called to provide testimony and sat for an interview.
   PLAINTIFF was thereafter subjected to retaliation for participating in the investigation in
10 support of his son, the complaining employee.
   PLAINTIFF also made his own complaints about racial comments being made in the
11 workplace.
   On or about November 9, 2024, PLAINTIFF was suspended on allegation that he
12 accidentally dropped his radio while bending over, and that he accidently got some grease
   on a chair in the office. Obviously, none of those allegations are sufficiently serious to serve
13 as the basis for any discipline, let alone summary termination.
   Nevertheless, DEFENDANTS fired PLAINTIFF, on or about November 18, 2024, on the
14 flimsy pretext that he accidently dropped his radio and accidentally got grease on an office
   chair.
15 On information and belief, the true reasons DEFENDANTS fired PLAINTIFF are his age
16 (65,) his participation in a harassment investigation brought by his son, his complaints about
   racist comments and his disability.
17

18

19

20

21

22

23

24

25

26                                           -2-
27
   Date Filed: August 22, 2025
28

1   VERIFICATION

2   I, **Jay Rothman**, am the **Attorney** in the above-entitled complaint.  I have read the
3   foregoing complaint and know the contents thereof. The matters alleged are based on
    information and belief, which I believe to be true. The matters alleged are based on
4   information and belief, which I believe to be true.

5   On August 22, 2025, I declare under penalty of perjury under the laws of the State of
6   California that the foregoing is true and correct.

7                                                                    **Woodland Hills, CA**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              -3-
                            *Complaint – CRD No. 202508-30883622*
27   Date Filed: August 22, 2025
28
                                                    CRD-ENF 80 RS (Revised 2025/02)

1

## PROOF OF SERVICE

2

I declare that I am employed in the County of Los Angeles, State of California. I am over the
age of eighteen years and not a party to the within cause; my business address is 3203 Jack Northrop

3

Avenue, Hawthorne, California 90250. On the date set forth below, I served the attached:

4

5

### DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL

on the following interested party(s) in said cause:

6

Jay S. Rothman                          *Attorney for Plaintiff*

7

**JAY S. ROTHMAN & ASSOCIATES**          *James Raya*
21900 Burbank Blvd., Suite 210

8

Woodland Hills, California 91367         Telephone:    (818) 986-7870
                                        Email:        lawyers@jayrothmanlaw.com

9

**[ ] VIA MAIL:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each

10

for collection and mailing on that date following ordinary business practices. I am readily familiar
with my firm's business practice of collection and processing of correspondence for mailing with the

11

United States Postal Service and correspondence placed for collection and mailing would be deposited
with the United States Postal Service at Hawthorne, California, with postage thereon fully prepaid,

12

that same day in the ordinary course of business.

13

**[ ] VIA OVERNIGHT MAIL/COURIER:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each

14

for collection by overnight mail service or overnight courier service. I am readily familiar with my
firm's business practice of collection and processing of correspondence for overnight mail or overnight

15

courier service, and any correspondence placed for collection for overnight delivery would, in the
ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight

16

mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery
on the following business day.

17

**[X] VIA E-MAIL OR ELECTRONIC TRANSMISSION:**

18

I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive,
within a reasonable time after the transmission, any electronic message or other indication that the

19

transmission was unsuccessful. I am readily familiar with my firm's business practice of processing
and transmitting documents via e-mail or electronic transmission(s) and any such documents would

20

be transmitted in the ordinary course of business.

21

**[ ] VIA HAND DELIVERY:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each

22

envelope(s) to be hand-served on that day, in the ordinary course of my firm's business practice.

23

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that this declaration was executed on October 2, 2025, at Hawthorne,

24

California.

25

_____

26

Mindy Maesato

27

28

1
PROOF OF SERVICE